# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| KENTON MAKOWSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00181-TWP-DML |
| | ) | |
| CITY OF JEFFERSONVILLE, INDIANA, | ) | |
| JEFFERSONVILLE POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION
## FOR MORE DEFINITE STATEMENT

This matter is before the Court on Defendants City of Jeffersonville, Indiana ("Jeffersonville"), and Jeffersonville Police Department's ("JPD"), Motion for a More Definite Statement, filed pursuant to Federal Rule of Civil Procedure 12(e) (Filing No. 7). The Defendants ask the Court to order Plaintiff Kenton Makowsky ("Makowsky") to file an amended complaint meeting certain requirements. For the reasons stated below, the Defendants' Motion is **granted**.

## I.    DISCUSSION

Federal Rule of Civil Procedure 12(e) provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." While motions for a more definite statement are "generally disfavored" and "not to be used as substitutions for discovery," *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 560 (N.D. Ill. 1994), Federal Rule of Civil Procedure 8(a)(2) requires that complaints provide "a short and plain statement of the claim." A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," including "some indication . . . of time and

place." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Thomson v. Washington*, 362 F.3d 969, 970–71 (7th Cir. 2004)).

In his Complaint, Makowsky's alleges the Defendants initiated disciplinary proceedings against him in 2018 regarding his "discussions with a fellow employee, despite such discussions being outside the course and scope of the Makowsky's employment and being protected by the rights to freedom of expression." (Filing No. 1-2 at 2.) Although these proceedings were first resolved with a verbal reprimand, Makowsky alleges, they were reopened after he filed a grievance with Jeffersonville's Human Resources department, which resulted in Makowsky being placed on "administrative leave" and issued a "written reprimand" as retaliation. *Id.* Makowsky then alleges that after he filed a grievance with his labor union, the Defendants again retaliated against him when they "rescinded and reissued the previous written reprimand," tacked on "a one hundred eighty (180) day unpaid suspension," and "initiated termination proceedings against" him. *Id.* Makowsky continues that he was "forced to resign his employment rather be formally discharged." *Id.* Since he resigned and started seeking new employment, the Defendants "have knowingly and intentionally provided false and misleading information" about his employment to potential employers, Makowsky alleges, "with the intent to prevent [him] from obtaining employment." *Id.* at 4. Based on these alleged events, Makowsky makes three claims against the Defendants: for a "Civil Rights Violation," for "Wrongful Termination," and for "Defamation." *Id.* at 2–4.

The Defendants contend that they cannot respond to these claims because Makowsky's Complaint fails to identify (1) "the protected speech which he claims resulted in adverse employment action," (2) his employment relationship with the Defendants, or (3) "the allegedly defamatory statements made by these Defendants." (Filing No. 8 at 1.) First, because a public

employee's freedom of expression claim must "'allege facts that could support a finding that the speech is on a matter of public concern,'" *id.* at 4 (quoting *Gustafson v. Jones*, 117 F.3d 1015, 1018 (7th Cir. 1997)), Makowsky's Complaint, as pleaded, does not state a valid claim since it does not advance "any facts about the speech aside from that it occurred during a discussion with another employee," *id.* at 4–5. Second, Makowsky's wrongful termination claim "suffers from the same vagueness defect" when it "appears to hinge on similar facts regarding the content of his allegedly constitutionally protected speech." *Id.* at 5. Moreover, Makowsky "does not provide clarity regarding the nature of the employment relationship," so the Defendants cannot determine the "true nature of his cause of action" when claims involving at-will and contractual employees receive different legal analyses: either "wrongful termination" or "breach of contract," respectively. *Id.* at 5–6 (citing *Remington Freight Lines, Inc. v. Larkey*, 644 N.E.2d 931, 939–940 (Ind. Ct. App. 1994)). Finally, the Defendants argue that Makowsky's Complaint does not currently sufficiently state a defamation claim when courts require "at least the content of the allegedly defamatory statements to be included in a complaint, if not the actual verbatim statement," and he "has failed to identify what statements allegedly made by these Defendants were defamatory." *Id.* at 6 (citing *Cain v. Elgin, Joliet & Eastern Ry. Co.*, 2005 WL 1172722, at *3–5 (N.D. Ind. 2005)).

Makowsky has not responded to the Motion for a More Definite Statement and the time to do so has passed. The Court agrees with the Defendants that Makowsky's threadbare complaint renders them unable to meaningfully respond: it does not sufficiently describe the allegedly protected statements Makowsky made, the employment relationship between Makowsky and the Defendants, and the purportedly defamatory statements made by the Defendants to Makowsky's prospective employers. Without these details, the Defendants have not been given "fair notice" by Makowsky of "the grounds upon which" his claims rest. *See Smith*, 803 F.3d at 309.

3

## II.    CONCLUSION

For the reasons stated above, the Defendants' Motion for a More Definite Statement (Filing No. 7) is **GRANTED**. Makowsky shall have through February 3, 2021, to file an amended complaint which details (1) the context and content of Makowsky's "discussions with a fellow employee," (2) Makowsky's employment relationship with the Defendants, and (3) the context and content of statements made by the Defendants to Makowsky's "potential employers."

**SO ORDERED.**

Date:    1/13/2021

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Nicolas Jacovitch
SCHILLER BARNES MALONEY PLLC
cjacovitcch@sbmkylaw.com

Matthew J. Schad
SCHAD & SCHAD
mschad@schadlaw.com

Justin M. Schaefer
SCHILLER BARNES MALONEY PLLC
jschaefer@sbmkylaw.com